SARTAIN, Judge.
Plaintiffs, as the owners of the West One-half (W J4) of Section 16, Township 12 South, Range 4 East, Louisiana Meridian, Cameron Parish, seek to annul and set aside Order No. 479-E of the Commissioner of Conservation for the State of Louisiana. They contend that the act of the Commissioner in issuing this order is illegal, arbitrary and capricious. They now appeal from an adverse judgment of the district court. For reasons hereinafter stated we are of the opinion that the judgment of the district court is correct and should be affirmed.
The basic facts giving rise to this litigation are not in dispute. On June 28 and 29, 1961, plaintiffs executed mineral leases in favor of The Superior Oil Company. In the absence of any drilling on their lands or in a unit which included a portion of their lands, these leases would have expired on June 27, 1966.
On May 23, 1966, the Commissioner issued Order No. 479-E which created two units, one for production and one for drilling for the Third Marginulina Howei Sand in the South Thornwell Field, Jefferson Davis and Cameron Parishes, Louisiana. The effective date of the order was June 1, 1966.
The western 31.32 acres of plaintiffs’ lands falls within and forms a part of the eastern limits of the non-productive drilling unit.
On June 8, 1966, The Superior Oil Company received a permit and immediately commenced drilling operations in the nonproductive unit. This endeavor brought forth a dry hole. However, because a portion of plaintiffs’ land fell within the drilling unit, the exploration by The Superior Oil Company had the effect of extending the life of plaintiffs’ lands.
*691 Plaintiffs contend that Order No. 479-E was unnecessary by virtue of Order No. 29-E of the Commissioner dated July 15, 1957 as amended. This order has statewide effect and establishes rules for the spacing of wells drilled in search of oil and gas in areas of Louisiana for which no spacing regulations have been prescribed by special orders. In particular it provides that wells drilled in search of gas should not be located closer than 330 feet to any property line nor closer than 2,000 feet to any other completed well. Plaintiffs contend that inasmuch as the unit which encompassed a portion of their property was unexplored at the time of its creation, Order No. 29-E was applicable; and hence, there was no need in truth and in fact for the creation of the unit itself. They argue that the basic authority for the Commissioner is bottomed on the premise that oil and gas resources should be conserved and waste eliminated. Accordingly, they claim that where no useful purpose is shown for the creation of a unit, none should be prescribed as there is frankly nothing to conserve or waste to eliminate.
Plaintiffs contend that the establishment of a drilling unit which encompassed previously explored lands was not necessary because the granting of a permit under these same circumstances is fully authorized by Order No. 29-E. They claim that the creation of a non-productive unit by Order No. 279-E was done for the express purpose of incorporating a small portion of their lands in the unit with the view in mind of extending the terms of their lease by drilling within the unit but on lands other than theirs.
It should be noted that the other unit established by Order No. 479-E contained a producing well. This unit is located west of and adjacent to the contested unit.
The trial judge concluded that the plaintiffs failed to bear the burden of proving that the action of the Commissioner in issuing the subject order was arbitrary and capricious. The record in this cause fully justifies the decision reached by the trial judge.
Plaintiffs appeared at the public hearing where evidence was introduced and opinions expressed which led to the issuance of Order No. 479-E. Plaintiffs appeared at the hearing and offered their objections. The record of the hearing before the Commissioner was not introduced in evidence in this instant cause so the district judge as well as ourselves are not apprised of technical arguments advanced, pro and con, on the application for the unitization.
At the trial on the merits in this matter, only two persons were called, Messrs. Thomas Morgan Winfield and Arnold Chauviere. Mr. Winfield was called first under cross and was the only witness offered by plaintiffs. Both Mr. Winfield and Mr. Chauviere were called as defendant’s witnesses.
Mr. Winfield is the Chief Engineer of the Louisiana State Department of Conservation. It was his testimony both under cross and direct that the decision of the Commissioner for the issuance of Order No. 479-E was founded upon and fully justified by geological data adduced at the hearing. He was emphatic that the evidence presented at the hearing justified the conclusions reached by the Commissioner when he determined the size and extent of the units. Mr. Winfield particularly denied that any thought was given to the inclusion of plaintiffs’ lands in the unit for the purpose of extending any benefits that might inure to the lessee.
Mr. Arnold Chauviere, Assistant State Geologist, was accepted as a qualified geologist. He stated that he also participated in the hearing. In response to questions relative to evidence brought forth during the course of the hearing, he corroborated the testimony of Mr. Winfield on the point that the creation of the unit *692 now under contest was based on the best geological data available. It is admitted that these witnesses did not detail the specific geological data which formed the basis of the Commissioner’s decision. However, their testimony and opinions as experts remain uncontradicted.
In the recent case of Mobil Oil Corporation v. Gill, 194 So.2d 351 (1st La.App., 1966, writs refused) we fully recognized that the courts have a right to review orders of the Commissioner of Conservation. L.R.S. 30:12. But we stated at that time, what is the settled jurisprudence of this state, that the courts in exercising its duty will not substitute their discretion or judgment for that of the Commissioner in the absence of evidence showing such action to be arbitrary.
In Mobil Oil Corporation we were there faced with a voluminous record, consisting of technical expert opinion on both sides of the matter in controversy. In the instant matter, we have no conflicting technical or expert testimony. We have only the views of Messrs. Winfield and Chau-viere.
This brings us to the final point and that is that the burden of proving that the acts of the Commissioner are capricious and arbitrary rests with the plaintiffs (L. R.S. 30:12) and this burden must be squarely shouldered. The good faith of the Commissioner of Conservation is presumed as a matter of law and that presumption remains until the contrary is shown by a clear preponderance of evidence. Simmons v. Pure Oil Company, 241 La. 592, 129 So.2d 786 (La.Sup.Ct., 1961).
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at plaintiffs’ costs.
Affirmed.